GLICKSTEIN, Chief Judge.
This is an appeal from a non-final order of the trial court, approving a general master’s report. There are due process and other considerations which require reversal but there is an additional serious consideration which must be addressed — the best interests of a nine-year-old child caught up in a family evidencing emotional dysfunction. Even the father’s counsel of record is now suspended indefinitely from the practice of law.
The due process and other considerations requiring reversal concern the general master’s hearing the father’s motion to amend final judgment, seeking custody of the parties’ child, without consent to reference by the mother as required by Florida Rule of Civil Procedure 1.490(c), without an order of reference to the general master and without sufficient notice to the out-of-state mother as required by section 61.1312(2), Florida Statutes.
More troubling is the bottom line — the best interests of the child. There has been no motion by counsel to expedite disposition in this court; and because we must reverse and remand with direction to begin again, the child’s uncertainty is extended.
On remand, the trial court is directed to appoint a guardian ad litem for the child and require such other investigation as the general master wisely recommended in her report, at the cost of the parties, given the history of drugs and/or alcohol in this case and the suspension of the father’s attorney. The trial court is further directed to expedite disposition of determination of custody, in light of the above history of parental emotional dysfunction and to use all of the inherent authority of the trial court, e.g., required therapy of parents and, if need be, child; parenting instruction; and contempt — whatever is necessary for the best interests of the child. Finally, given the suspension of the father’s attorney, the trial court is requested to consider appointing an attorney ad litem for the child at the cost of the parties.
DELL and POLEN, JJ., concur.
ON NOTICE OF DISMISSAL
PER CURIAM.
Subsequent to the issuance of our opinion, we were informed by petitioner that *635 the trial court granted petitioner’s relief by setting aside the general master’s report. Accordingly, that part of our opinion is clearly moot. Whether the opinion is entirely moot is a matter for the trial court to decide in the best interests of the child.
GLICKSTEIN, C.J., and DELL and POLEN, JJ., concur.